IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| QASEM A., | § | |
|     PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-841-L-BK |
| | § | |
| DHS ICE, ET AL., | § | |
|     RESPONDENTS. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition when appropriate. Doc. 1. Upon review, the petition should be **DENIED WITHOUT PREJUDICE**.

### I. BACKGROUND

On April 4, 2025, Petitioner Qasem A., an alien detainee in the custody of Immigration and Customs Enforcement ("ICE"), filed this petition for writ of habeas corpus challenging his detention pending removal. Doc. 1. He is represented by counsel. Qasem seeks release under supervision on his personal recognizance or a low bond. Doc. 1 at 8. Respondents oppose the relief sought. Doc. 6. Petitioner has not filed a reply.

Qasem, a native of Kuwait and a citizen of Jordan, entered the United States in August 2005 as a nonimmigrant visitor with permission to stay only for a temporary period. Doc. 7 at 5 (Resp't App.). He overstayed his visa and was subsequently convicted of aggravated assault with a deadly weapon and sentenced to an eight-year deferred adjudication probation. Doc. 7 at 5; Doc. 7 at 8 (*Ord. Deferred Adjudication*).

Qasem's removal proceedings began in August 2006 under 8 U.S.C. § 1227(a)(1)(B) (INA § 237(a)(1)(B)), because he was a nonimmigrant present in the United States in violation of the law.  Doc. 7 at 5; Doc. 7 at 15.  On April 2, 2012, an Immigration Judge ordered Qasem removed from the United States to Jordan.  Doc. 7 at 5; Doc. 7 at 18.  Qasem waived his right to appeal the decision.  Doc. 7 at 5.  On April 1, 2025, ICE took Petitioner into custody and on April 15, 2025, Enforcement and Removal Operations (ERO) requested a travel document from the Jordanian embassy.  Doc. 7 at 5.

In his petition for writ of habeas corpus, Qasem alleges that he is a "stateless" person and "has been detained without notice or justification after 12 years of compliance and reliance on an Order of Supervision[.]"  Doc. 1 at 1-2.  Qasem further alleges that his detention violates his due process rights, the Immigration and Nationality Act, and the U.S. Constitution.  Doc. 1 at 7.

Upon review, the Court finds that Qasem's detention claims are premature, and he has failed to allege a constitutional violation.  Therefore, his petition should be denied.

## II. ANALYSIS

### A.  Relevant Legal Authority

The detention, release, and removal of aliens subject to a final order of removal is governed by 8 U.S.C. § 1231.  That statute provides that the Attorney General shall remove the alien within a period of 90 days, during which the alien shall be detained.  8 U.S.C. § 1231(a)(1)(A), (a)(2).  But if the alien is not removed within the initial 90-day period, certain aliens—including those removable under 8 U.S.C. § 1227(a)(1)(C), like Qasem—may be detained beyond that time.  8 U.S.C. § 1231(a)(6) ( "An alien ordered removed who is . . . removable under section . . . 1227(a)(1)(C) . . . or who has been determined by the Attorney

2

General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period[.]").

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court addressed detention of aliens beyond the initial 90 days under 8 U.S.C. § 1231(a)(6). The Court held that detention under § 1231(a)(6) may not continue indefinitely, and that six months, counted from the date the order of removal becomes final, is a presumptively reasonable period of detention to secure an alien's removal from the United States. *Zadvydas*, 533 U.S. at 700-701. After the expiration of six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. The Supreme Court emphasized that the "6-month presumption . . . does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* "[I]f removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period." *Id.* at 700.

### B. Petitioner's Detention Claims Fail

As noted *supra*, Qasem's order of removal became final under the administrative processes in April 2012. After a final order of removal, it is presumptively constitutional for aliens removable under 8 U.S.C. 1231(a)(6), like Qasem, to be detained for up to six months. *Zadvydas*, 533 U.S. at 701.

3

Qasem, however, has been in post-removal-order detention for less than four months—since April 1, 2025, when he was taken in ICE custody. And only three days had elapsed when he filed his habeas petition on April 4, 2025. Because Qasem has not been in post-removal-order detention for at least six months, his detention claims are premature. *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 317-318 (5th Cir. 2011) (per curiam) (dismissing as premature and noting that six-month period following date on which removal order became final must have elapsed before filing of habeas petition challenging confinement under *Zadvydas*).

That notwithstanding, Qasem fails to meet his initial burden of proof under *Zadvydas* — that there is no likelihood of removal in the reasonably foreseeable future. *See Andrade v. Gonzales*, 459 F.3d 538, 543–544 (5th Cir. 2006) (discussing a petitioner's burden of proof under *Zadvydas*). Qasem offers nothing beyond his conclusory statements suggesting that his removal is not significantly likely in the reasonably foreseeable future. He merely mentions that (1) he is a "stateless" individual, (2) ICE failed to provide adequate notice and justification for his detention, and (3) his compliance with the order of supervision for 12 years justifies his release. Doc. 1 at 1-2. Qasem also suggests that he is the sole provider for five children born in the United States and has strong ties to the community. Doc. 1 at 6.

Even construing Qasem's scant allegations to suggest that removal is unlikely, his conclusory statements do not suffice to meet his initial burden under *Zadvydas*. *See Andrade*, 459 F.3d at 543-544 (holding conclusory statements are insufficient to meet an alien's burden of proof under *Zadvydas* or to demonstrate a constitutional violation in connection with his continued detention). In sum, the Court finds no violation of Qasem's constitutional rights, with respect to his continued detention.

4

### III. CONCLUSION

For the above reasons, Qasem's petition for writ of habeas corpus should be **DENIED** and this case should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on July 18, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).